UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DIANE CIVITANO,

|  |  |
|---|---|
| Plaintiff, | 17 Civ. 10056 (CS) (PED) |

   -against-

**THIRD-PARTY
COMPLAINT**

PAMROB, INC. and as an individual
PAMELA HOCHSTIN,

           Defendants-Third-party Plaintiff,

   -against-

ROBIN S. MIZRAHI,

        Third-party Defendant.
--------------------------------------------------------X

Defendants-Third-party Plaintiffs, PAMROB, INC. and PAMELA HOCHSTIN, by their

attorneys GOULD & BERG, LLP state the following for their THIRD-PARTY COMPLAINT

herein:

## NATURE OF THE CASE

1.  Plaintiff brought this action against Defendants-third-party Plaintiffs PamRob, Inc.

and Pamela Hochstin alleging violations of the Fair Labor Standards Act, New York Labor Law

and New York Code of Rules and Regulations. *See* Complaint, annexed hereto as Exhibit A.

2.  Plaintiff failed to name a necessary party in her action, namely Third-party Defendant

Robin S. Mizrahi, who at times relevant to the actions asserted in the Complaint (Ex. A) was the

co-founder and co-owner of PamRob, Inc..

## JURISDICTION AND VENUE

3.  The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331.  The underlying

state law claims are interposed in accordance with 28 U.S.C. §1367.

4.   Venue is proper under 28 U.S.C. §1391 because Defendants reside in the Westchester County which is in Southern District of New York.

## THIRD-PARTY DEFENDANT

5.   At all times relevant, Third-Party Defendant Robin S. Mizrahi (hereinafter "Mizrahi") was and is a resident of Westchester County in New York State.

## FACTS CONCERNING THIRD-PARTY COMPLAINT

6.   At all times relevant, Mizrahi was a co-founder and co-owner of PamRob, Inc. for over 24 years until approximately June 2016.

7.   Upon information and belief, Mizrahi was a 50% shareholder of PamRob, Inc.

8.   In her complaint, Plaintiff asserts claims pursuant to the Fair Labor Standards Act and New York Labor Law against Defendant Pam Rob, Inc. and Pamela Hochstin individually for a period of her employment from 2010 to December 2, 2016 based on allegations of unpaid wages, unpaid overtime, and failure to maintain employment records (see Ex. A).

9.   Defendants deny the vast majority of the allegations in the Complaint (see Defendants' Answer dated February 28, 2018).

10. At all times relevant to the allegations in the Complaint and up until approximately June 2016, Mizrahi was responsible for the day to day operations of Defendant PamRob, Inc., supervision of and making employment decisions with respect to employees including Plaintiff, and had the authority to engage in financial transactions related to all aspects of the business' operations, including setting rates of pay for employees including Plaintiff.

11. In that connection, to the extent claims are made by Plaintiff about the manner in which and amounts Plaintiff was paid and the business' recordkeeping practices, Mizrahi was the sole or partial decision maker in such matters. As such, to the extent Plaintiff may recover

2

against PamRob, Inc. and Pamela Hochstin, Defendants will be injured as a result of the actions and conduct of Mizrahi.

12. Pursuant to Federal Rules of Civil Procedure, Rule 14(a)(1), Mizrahi is therefore a proper third party defendant who will be subject to joint and several liability on some or all of Plaintiff's claims.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Repeat and reallege each and every allegation set forth in paragraphs 1-12 as if fully set forth herein.

14. As a co-owner, 50% shareholder, and person whose responsibilities involved matters alleged in the Complaint. Mizrahi is or may be liable for all or part of any liability or verdict assessed against PamRob, Inc. and Pamela Hochstin individually.

15. To the extent either or both Defendants are found liable for damages, attorneys fees or costs on any of Plaintiff's claims, Third-party Defendant Robin S. Mizrahi is subject to joint and several liability.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Repeat and reallege each and every allegation set forth in paragraphs 1-15 as if fully set forth herein.

17. To the extent either or both Defendants are found liable for damages, including compensatory, liquidated, punitive, penalties, attorney's fees and costs, on any or all of Plaintiff's claims, Defendants will have been injured and seeks as Third-party plaintiff indemnification from Third-party defendant Mizrahi for any and all amounts that Defendants have to pay, or in the alternative contribution on a proportionate basis towards any and all amounts Defendants may have to pay.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety and in the alternative demands judgment against third party defendant Mizrahi for any liability and award, in whole or on a proportionate basis, together with for such other and further relief as to the Court seems and just and proper, and together with costs, disbursements and attorneys' fees incurred in the defense of this action.

Dated:  February 28, 2018

By:  _/s/ Kim Berg_____
Kim Berg (KB1425)
GOULD & BERG, LLP
Attorneys for Defendants-Third Party Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
Tel:  (914) 397-1050
Fax: (914) 397-1051
Email: kberg@gouldberglaw.com