# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DIANE CIVITANO,

                Plaintiff,              17 Civ. 10056 (CS) (PED)

    -against-                   PLAINTIFFS' FIRST
                                 SET OF INTERROGATORIES
PAMROB, INC. and as an individual    TO DEFENDANT
PAMELA HOCHSTIN,

                Defendants.
-------------------------------------------------------X

     Plaintiff DIANE CIVITANO, by and through her attorney, Clif Bennette, requests that

Defendants Pamrob, Inc. and Pamela Hochstin answer the following interrogatories under oath,

in writing, within thirty days and in accordance with the Federal Rules of Civil Procedure:

**DEFINITIONS AND INSTRUCTIONS**

1. The "Complaint" refers to Plaintiff's Complaint in this action dated December 22, 2017.

2. Plaintiff refers to Diane Civitano.

3. "You" or "Defendants" refers, individually or collectively to Defendants Pamela Hochstin

and Pamrob, Inc., its officers, agents or employees, and its subsidiaries or parents and their officers,

agents or employees.

4. The term "document" means any written, printed, typed, drawn, punched, taped, filmed,

recorded or graphic matter, including drafts, which is or was in your possession, custody or control,

or known by you to exist, including, but not limited to, any account, record, book, pamphlet,

brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter,

correspondence, telegram, telephone record, memorandum, contract, lease, invoice manifest,

purchase order, ticket, log, computer record, bulletin, study, survey, call report, sales letter, chart,

graph, index, data sheet, inter- and intra-company communication, report, plan, work sheet, note,

bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation. This definition includes all documents for which privilege is claimed. If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

5.   "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, telephone calls and telegrams. This definition includes all communications for which you claim privilege.

6.   The terms "Identify" and "state the identity of" mean:

    a.   When used with reference to a natural person, to state: (i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

    b.   When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identity of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created; (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (v) the present or last known location and custodian of the document of any copies; and (vi) if lost or destroyed, the date when lost or destroyed.

    c.   When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication (*e.g.*, telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

7.  "Date" means the exact day, month, and year if ascertainable, or, if not, your best approximation.

8.  In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

9.  "And" and "or" shall be construed either disjunctively or conjunctively so as to require the inclusion of materials or information that would otherwise be excluded.

10. If you object to any portion of an Interrogatory, provide all information called for by those portions of the Interrogatory to which you do not object. For those portions of any Interrogatory to which you object, state in detail the reason for such objection. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (*e.g.*, letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

11. If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

12. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiff's representatives and agents.

13. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

14. The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is May 1, 2010 through the present.

15. In the event any information is withheld on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

## INTERROGATORIES

1.  For the period of Plaintiff's employment with Defendants, please list and fully detail, *separately,* all information about Plaintiff: (1) the occupation in which Plaintiff was engaged, (2) the time of day and day of week on which the Plaintiff's workweek began, (3) the regular hourly rate of pay for any workweek in which Plaintiff worked over 40 hours, (4) an explanation of the basis of pay showing the monetary amount paid on a per hour, per day, and per week, respectively, (5) the hours worked each workday, and each work week, respectively, (6) the total daily or weekly straight-time earnings or wages due for hours working during the workday or workweek,

exclusive of premium overtime compensation, (7) the total additions to or deductions from wages paid each pay period, (9) the dates, amounts, and nature of the items that make up the total additions and deductions, (10) the total wages paid each pay period, and (11) the date of payment and the pay period covered by the payment.

2.   In detail, please describe all procedures and methods by which Defendants records the time and/or hours worked by Plaintiff, who is involved in preparing those time records, whether or not Defendants own or utilize a time "clock" or other time measuring device or system, including time sheets, and what procedures are followed to insure that the hours worked by employees are recorded and paid for accurately, and how Defendants monitor and record how time is spent by employees during breaks, and time which they may have worked pre-shift and post-shift. Please specifically identify all documents relied on in your response.

3.   Please identify all persons who are, or have been (inclusive of supervisors no longer employed by Defendants), or were, direct or indirect supervisors of the Plaintiff, or who were working within their same department, respectively, and describe each such person's job duties, home address, dates of employment, and telephone number. Please include the identities of supervisors no longer employed by Defendants. Please specifically identify all documents relied upon in your response.

4.   Please provide the names, addresses and telephone numbers of all businesses where defendant Pamela Hochstin is a shareholder, equity owner, manager, or supervisor.

5.   Have Defendants ever been contacted, sued, investigated, reprimanded, fined or penalized in any way by any person, corporation, or government agency with respect to the matters involving allegations of the non-payment of employee wages? If so, please state each and every substantive fact relating thereto, the case number and court, by whom the matter was

initiated, when, the involved parties, the reasons for such, your response, and each matter's final outcome. Please identify any and all documents on which you rely in your response.

6.   Please state and fully set forth all facts and legal justifications to support each and every Affirmative Defense set forth in Defendants' Answer. Please specifically identify all documents relied upon in your response.

7.   Identify:

  a)   all expert witnesses whom any Defendant expects to call at trial;

  b)   the field of expertise of each expert witness;

  c)   the occupational title, degrees and certifications held by each expert witness;

  d)   all articles published by each witness to which each expert witness will testify, and a summary of the grounds for each opinion in connection with the subject matter of this lawsuit;

  e)   the substance of all oral reports in connection with the subject matter of this lawsuit made by experts identified in subparagraph (a); and,

  f)   Identify and attach hereto copies of all written reports in connection with the subject matter of this lawsuit made by the experts identified in subparagraph (a) of this interrogatory.

8.   What were Pamrob revenues, expenses and net profits for the years 2010 – 2016?

9.   For each Interrogatory response above, identify each person who materially participated in preparing such response and identify all documents referred to or relied upon in responding to such Interrogatory.

Dated: Mt. Kisco, NY
      October 30, 2018

By: _____
    Clif Bennette, Esq.
    *Attorney for Plaintiff*
    25 Christopher Road
    Mt. Kisco, NY 10449
    914-346-7009
    678-466-7009 (F)
    cBennette1@verizon.net

TO:    Kim Berg, Esq.
        Gould & Berg, LLP
        *Attorney of Defendants*
        222 Bloomingdale Rd.
        White Plains, NY 10016

# VERIFICATION

STATE OF NEW YORK                    )

COUNTY OF WESTCHESTER   )

     DIANE CIVITANO, being duly sworn, deposes and says: I am a Plaintiff herein. I

have read the foregoing interrogatory responses, the substantive content of which is true to my

personal knowledge except where alleged upon information and belief and as to the latter I

believe them to be true.

_____
Diane Civitano

Sworn to before me this
22 _th day of October, 2018
ND

_____
Notary Public

GABRIEL RODRIGUES CARVALHO
Notary Public – State of New York
NO. 01CA6272203
Qualified in Westchester County
My Commission Expires Dec 3, 2020

*Plaintiffs' Response to Defendants' First Request for Production of Docs.docx*   10/22/2018