# EXHIBIT F

**Subject:** RE: Civitano v. PamRob
**From:** cbennette1@verizon.net (cbennette1@verizon.net)
**To:** kberg@gouldberglaw.com;
**Date:** Thursday, November 1, 2018 4:29 PM

Do not accuse me of anything. It's unprofessional and obnoxious. We had a nice conversation after this email was sent so I'll ignore for now, but be courteous or be gone.

Clif Bennette, Esq.

**From:** Kim Berg, Esq. <kberg@gouldberglaw.com>
**Sent:** Thursday, November 1, 2018 12:09 PM
**To:** Clif Bennette <cbennette1@verizon.net>
**Subject:** Civitano v. PamRob

Clif,

Before you hung up on me and refused to continue to talk, I was attempting to express that if you are interested in continuing to talk I am willing to do so. However, given the fact that you continually try to increase your offer after putting a number on the table (which you did at the mediation and at now) it makes it very difficult for me to get my client to the table because you are a moving target.

Since our conversation just now was cut off by you mid sentence, please put in writing to me the bottom line your client will accept. I am a firm believer in good faith negotiations and your statements to me on the phone today gave me three different numbers. As I told you, I gave you the top number the Judge was able to get out of us on Tuesday. However, I would gladly take back your latest offer to my client once you tell me what it is. My understanding from Judge Davison is that you were at a number under $45,000. To tell me a number above that is not going to move the matter forward. Thus I would appreciate a written reply to this email with a good faith offer below $45,000 as per what the Judge told us Tuesday. I can then communicate that number to my client and get back to you by close of business today.

All of that being said, I see that it is likely your intention to proceed with litigation at this point. As you know, there are several outstanding issues pertaining to the written discovery which I will now have to write to Judge Seibel about. You still have not provided interrogatory responses or a valid rule 26 disclosure. In addition, we need to schedule the Plaintiff's deposition which I previously noticed and adjourned based on the notion we would try to settle the case before expending those resources.

Thank you,

Kim

*Kim Berg, Esq.*
Gould & Berg, LLP
222 Bloomingdale Road, Suite 304
White Plains, New York 10605
Phone: 914-397-1050 ext. 233
Fax: 914-397-1051
e-mail: kberg@gouldberglaw.com

www.gouldberglaw.com

This e-mail may not be used to establish a binding contract on behalf of any client or person for whom it is sent. Any transaction related to this email must be validated by terms other than what is contained herein unless this email specifically provides otherwise. This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error please reply immediately to the sender or call Gould & Berg, LLP at 914-397-1050. To comply with U.S. Treasury Regulations, we advise you that any U.S. federal tax advice included in this communication is not intended or written to be used, and cannot be used, to avoid any U.S. federal tax penalties or to promote, market, or recommend any transaction or matter. Thank you.