UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| DIANE CIVITANO, | **LETTER EXPLAINING WHY PLAINTIFF SHOULD** |
| Plaintiff, | **NOT BE SANCTIONED** |
| v. | Civil Action No.: 17-CV-01633 (CS) |
| PAMROB, INC.; and as an individual, PAMELA HOCHSTIN, | |
| Defendants. | |

------------------------------------------------------------------x

STATE OF NEW YORK       )
COUNTY OF WESTCHESTER   ) ss.:

**CLIFFITH D. BENNETTE**, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the following under the penalty of perjury:

1. I am the attorney for Diane Civitano named above ("Plaintiff") and as such, am fully familiar with the facts and circumstances herein.

2. I submit this letter in support of waiving sanctions at the suggestion of the court's clerk in a phone conversation last week.

3. An Order of this court dated November 5, 2018 directed Plaintiff to provide Defendants PAMROB, INC. and PAMELA HOCHSTIN as an individual, ("Defendants"), with answers to Defendants' first set of Interrogatories and with to produce mandatory Rule 26 disclosure on or before 9 a.m. on November 8, 2018.

4. Plaintiff provided Defendants with a signed Rule 26 disclosure and a signed, verified response to Defendants' Interrogatories on November 8, 2018 after 9 a.m. and before this court's November 8 notice to Plaintiff that his client's responses were late.

5. Opposing counsel indicated she was satisfied with Plaintiff's responses.

6. This court is somewhat aware of Plaintiff counsel's health issues because he informed opposing counsel of some as they occurred and assumedly she communicated a summary to the court because she thought them relevant to the issue of tardiness.

7. I apologize for the court's inconvenience in addressing this issue and ask that the matter be sealed to prevent my further embarrassment.

8. REDACTED

9. Interspersed and contiguous with each bout, debilitating migraine headaches inhibited and sometimes stopped executive brain functions.

10 Plaintiff requests that tardiness caused by the aforementioned health issues be categorized as excusable neglect *Tancredi v. Metropolitan Life Insurance Co., 378 F.3d 220, 226 (2d Cir. 2004).* In *Tancredi* the Second Circuit found a district court could extend the deadline to apply for costs if there was excusable neglect. *Id. at 227.*

11. Although hard to fathom, my wife the doctor believes my illness was caused by "mere" lactose intolerance.

12. Plaintiff's counsel again acknowledges that he did not timely respond to Defendants' discovery demands per the Court's order. However, since Plaintiff has complied with the current discovery order before it was due, his tardiness may be considered moot.

13. Defendants have a potentially meritorious defense because the record contains evidence from Defendants' time records that Plaintiff has the right to overtime pay.

14. Aside from the reasonable excuse and possibly meritorious defense, Plaintiff complied to the best of his ability under the circumstances, making a good faith effort and only missing the deadline by hours.

15. It should be noted that the case at bar arguably
does not involve egregious behavior or history of dilatory conduct.

16. Sanctions are a drastic remedy for a first offense and generally used only used for egregious or deliberate conduct. And, since Defendants are satisfied with Plaintiff's submissions, the Court may allow the only instance of tardiness in the interests of substantial justice pursuant to CPLR § 5015(a) (see *Woodson v. Mendon Leasing Corp.*, 100 NY2d 62, 68). Indeed, the Court has discretion to forgive such failure in the interests of justice (CPLR § 2005).

17. Settlement negotiations have made progress and both parties strongly prefer avoiding litigation.

18. Defendants assumedly have at no point presented any argument the might be prejudiced by accepting Plaintiff's submission. Thus, Defendants failed to establish it was or would be prejudiced foregoing sanctions. Since Plaintiff failed to make any showing of prejudice, the court has authority to accept Plaintiff's submission as it pleases.

2

## CONCLUSION

Plaintiff has substantially complied with all discovery demands, shown a reasonable excuse for lateness and suggested the existence of a potentially meritorious defense. Furthermore, please be assured Plaintiff made a good faith effort to comply and indicates the tardiness was not willful. Lastly, Defendants will not be prejudiced and settlement may be at hand.

**WHEREFORE**, for all the aforementioned reasons and pursuant to CPLR §5015(a) and § 2005, Defendants respectfully request this Court refrain from holding Plaintiff's counsel in contempt or imposing any other sanctions

Dated: Mount Kisco, New York
November 13, 2018

Clif Bennette, Esq.

25 Christopher Road
Mount Kisco, N.Y. 10549
914-346-7009
cbennette1@verizon.net