

# GOULD & BERG, LLP
*attorneys at law*

Jane Bilus Gould
Kim Patricia Berg*
*also admitted in New Jersey

222 Bloomingdale Road
White Plains, New York 10605
*phone* 914-397-1050  *fax* 914-397-1051
*web* www.gouldberglaw.com

January 11, 2019

**VIA ECF**
Hon. Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Civitano v. Pam Rob, Inc., et al.; 17 CV 10056 (CS)(PED)

Dear Judge Seibel:

     I represent Defendants Pam Rob Inc. and Pamela Hochstin in the above referenced matter and am writing to update the Court on the status of settlement in this matter.

     After receiving via ECF the Court's order requesting an update, I left a voicemail message (my second one of this week) for Plaintiff's counsel, Cliffith Bennette, but have not heard back from him. Therefore, I unfortunately am not sure what the status is of the settlement. I can however explain what has been occurring since my letter to the Court of November 27, 2018 wherein I advised the Court that that parties reached a settlement since my communications with Mr. Bennette are documented by email. I apologize to the Court for not having notified the Court earlier of the delay in finalizing this matter, but as of last Friday January 4, 2019 I was expecting to have final comments to the agreement over last weekend.

     On November 27, 2018, the parties reached a settlement in principal by accepting Plaintiff's demand in writing and delivering by email to Mr. Bennette a Settlement Agreement. Mr. Bennette replied to indicate that he would make the necessary arrangements to obtain Plaintiff's signature and obtain at W-9 form. Following that email, Mr. Bennette requested documentation pertaining to the 2013 tax year and the monies Defendant paid to social security. Although Plaintiff made a baseless claim in this case that Defendant failed to deposit social security withholdings into her account in 2013 and that claim was included in the settlement offer, I did provide documentation to Mr. Bennette in the form of the W-3 transmittal and the W-2s for each employee (redacted) which included Plaintiff's W-2 showing the amount paid in 2013. He admitted the amounts added up and as per Defendant's accountant if there had been any deficiency in 2013, or at any time, Defendants would have received a deficiency notice – which they have not received. I notified Mr. Bennette of these facts in several emails exchanged between November 28 and December 13, 2018. On December 13, 2018 Mr. Bennette advised that based on the information we provided "they tend to show nothing is amiss" and asked if anything other document existed we provide it.

On December 13, 2018 I therefore asked Mr. Bennette where this "leaves us with the settlement? If we are not going to settle, then depositions need to proceed immediately as our cut off is fast approaching." Mr. Bennette responded on Friday, December 15, 2018 at 9:33 p.m. with a marked up agreement stating he was going to be out of state until the following Friday (December 21, 2018) with hopefully access to email. On Monday, December 17, I wrote back with my reply to his mark up. Mr. Bennette and I went back and forth by email during that week and he asked that we extend the time beyond 12/20/18 for Plaintiff to sign the agreement and that two checks be issued, one in 2018 and one in 2019. Of course, with the goal of finally resolving this I agreed and my client did in fact prepare those payments (although not delivered because we did not receive a signed agreement). The net result of the communications that week was that Mr. Bennette requested language to keep open a claim for social security in the event Plaintiff discovers that social security payments were not made in 2013. I tried to explain to Mr. Bennette in writing several times that our offer was for a general release of all claims and that since this was a claim he asserted in the Complaint it was covered by our offer. He indicated he understood and accused me of repeating myself unnecessarily.

After communicating on December 20, 2018, and expecting comments over the weekend of December 22-23, 2018, I never heard back from Mr. Bennette. I therefore reached out on December 27, 2018 by email and voicemail but received no response. I reached out again on January 3, 2019 and was advised by Mr. Bennette: "I think we are on the same page with regard to finalizing the agreement ASAP. I'll have comments by the weekend." He then indicated that he wanted to add a clause in the agreement to allow the matter of the social security claim to be decided by an arbiter if proof of social security payments was not provided by a date certain in the future. He indicated he would have comments on the latest draft of the agreement by the weekend (of January 5-6, 2019), Again, I explained to Mr. Bennette on January 4, 2019 that the offer was an offer made to resolve all claims in the case and we could not agree to keep any claim open. He wrote back stating: "Repeating what's been said in sum and substance (if not verbatim) is not likely to advance the process. You are aware of and made peace with that fact."

On January 7, 2019, having not received any comments as promised, I called and emailed Mr. Bennette to inquire of the status of settlement. I called again today. I have not received a response to any of those attempts to reach him.

Thus, at this time, I would respectfully request that the Court schedule a conference with counsel so that we can get an affirmative answer, one way or the other, as to whether Plaintiff is settling the matter, and if not, to obtain firm dates to go forward with depositions.

Respectfully submitted,

Kim Berg

KB: jk
cc: Cliffith D. Bennette, Esq. (via ECF)